# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

THOMAS I. GAGE, *pro se*,
    Plaintiff,

v.

SOMERSET COUNTY, *et al.*,
    Defendants.

Civil Action No. 18-272 (CKK)

## MEMORANDUM OPINION
(August 21, 2018)

Defendant Jay B. Bohn, proceeding *pro se*, moves for dismissal of himself from this action for lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted. The Court need proceed no further than the venue issue. Upon consideration of the briefing,[1] the relevant legal authorities, and the record as a whole, the Court **GRANTS** Defendant Bohn's [5] Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b) (2), (3) and (6) ("Motion to Dismiss"), and, in an exercise of its discretion, shall **DISMISS** all claims against Defendant Bohn due to improper venue.

## I. BACKGROUND

The Court shall recite only those few allegations in the [1] Complaint that are necessary to the resolution of Defendant Bohn's Motion to Dismiss. Plaintiff Thomas I. Gage, who is also proceeding *pro se*, has filed this suit against a number of public entities and current or former

---

[1] The Court's consideration has focused on the following documents:

- Def. Jay B. Bohn's Mot. to Dismiss Compl. Pursuant to Fed. R. Civ. P. 12(b) (2), (3) and (6), ECF No. 5 ("Def.'s Mot.");
- Mem. of P&A in Supp. of Pl.'s Opp'n to Def. Jay Bohn's Mot. to Dismiss Compl. Pursuant to Fed. R. Civ. P. 12(b) (2) and (3) and (6), ECF No. 7 ("Pl.'s Opp'n"); and
- Reply Mem. of P&A in Further Supp. of Def. Jay B. Bohn's Mot. to Dismiss Compl. Pursuant to Fed. R. Civ. P. 12(b) (2), and (3) and (6), ECF No. 9 ("Def.'s Reply").

officials in New Jersey, as well as Defendant Bohn, a private attorney.[2] Plaintiff's thirty-eight count Complaint pursues a variety of causes of action that allegedly "arose from an attempt of Plaintiff to expose fraudulent documents that have been used on August 8, 2011, to steal Plaintiff's private property at: 51 Hillcrest Blvd, Warren, NJ." Compl., ECF No. 1, ¶ 3. The Complaint is not a model of clarity, but as best the Court can discern, Plaintiff objects to an alleged series of actions taken by state and local officials and Defendant Bohn in response to his opposition to a real estate development called Sleepy Hollow in Warren, NJ. *See generally id.* ¶¶ 4, 5, 29, 32. Defendant Bohn has moved to dismiss this case pursuant to Federal Rules of Civil Procedure 12(b)(2), (3), and (6). Upon conclusion of briefing, this motion is ripe for resolution.

## II. LEGAL STANDARD

The federal statute governing venue provides that "[a] civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(1), (2). Only "if there is no district in which an action may otherwise be brought as provided in" Section 1391 may the plaintiff pursue his claims in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." *Id.* § 1391(b)(3).

When presented with a motion to dismiss for improper venue under Rule 12(b)(3), the Court "accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all

---

[2] In addition to naming Defendant Bohn, Plaintiff's Complaint names and alleges the identities of other defendants as follows: Somerset County, NJ; Christopher S. Porrino, former New Jersey State Attorney General; City of Watchung, NJ; Geoffrey D. Soriano, a former prosecutor in the Somerset County Prosecutor Office; Michael C. Schutta, a detective in the Somerset County Prosecutor Office; and the Somerset County Jail. Compl., ECF No. 1, ¶¶ 24-30.

2

reasonable inferences from those allegations in the plaintiff's favor and resolves any factual conflicts in the plaintiff's favor." *James v. Verizon Servs. Corp.*, 639 F. Supp. 2d 9, 11 (D.D.C. 2009). "The court, however, need not accept the plaintiff's legal conclusions as true." *Id.* "Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper." *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003). "If the [p]laintiff is proceeding *pro se*, however, the factual allegations contained in his complaint will be held to less stringent standards than formal pleadings." *Akers v. Gutierrez*, Civ. Action No. 07cv266 (RJL), 2007 WL 1541500, at *1 (D.D.C. May 23, 2007).[3] "Unless there are pertinent factual disputes to resolve, a challenge to venue presents a pure question of law." *Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 62 (D.D.C. 2011).

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Before dismissing a case for want of proper venue, a district court should consider whether the "interest of justice" standard warrants transfer. *See Dugdale v. Ditech Fin., LLC*, No. 17-7137, 2018 WL 1391724 (D.C. Cir. Feb. 21, 2018) (citing 28 U.S.C. § 1406(a); *Hayes v. Livermont*, 279 F.2d 818, 818 (D.C. Cir. 1960) (per curiam)).

> If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of [Section] 1406(a), recognized that "the interest of justice" may require that the complaint not be dismissed but rather that it be transferred in order

---

[3] Some courts place the burden on defendant, or at least use language suggesting as much. *See, e.g.*, *Khalil v. L–3 Commc'ns Titan Grp.*, 656 F. Supp. 2d 134, 135 (D.D.C. 2009) ("To prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat the plaintiff's assertion of venue." (quoting *James*, 639 F. Supp. 2d at 11) (internal quotation marks omitted)); *see also* 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1352 (3d ed. 2004) (noting the split, and maintaining that those courts placing burden on plaintiff appear to adopt "correct" view). Whether this Court formally places the burden with Plaintiff or Defendant Bohn, however, the Court finds that the outcome would be the same.

> that the plaintiff not be penalized by what the late Judge Parker aptly characterized as "time-consuming and justice-defeating technicalities."

*Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962) (quoting, respectively, 28 U.S.C. § 1406(a); *Internatio-Rotterdam, Inc. v. Thomsen*, 218 F.2d 514, 517 (4th Cir. 1955)). "The decision whether a transfer or a dismissal is in the interest of justice, however, rests within the sound discretion of the district court." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983).

## III. DISCUSSION

In his Complaint, Plaintiff pleads nothing to support laying venue against Defendant Bohn in the District of Columbia. Between the Complaint and the briefing, it is clear that neither Plaintiff nor Defendant Bohn resides in the District of Columbia. Both parties are residents of New Jersey. Compl., ECF No. 1, ¶ 23; Def.'s Mot. at 5; *see* 28 U.S.C. § 1391(b)(1). Nor is there any allegation that "a substantial part of the events or omissions giving rise to the claim[s] occurred, or a substantial part of property that is the subject of the action is situated," in the District of Columbia. 28 U.S.C. § 1391(b)(2). It appears that all of the activities alleged in the Complaint occurred in New Jersey.

Despite Plaintiff's inability to avail himself of the first two options under Section 1391(b), Plaintiff cannot resort to the residual opportunity to lay venue in simply any federal district court where personal jurisdiction may lie, for there is a federal district court in which venue would be proper. *See id.* § 1391(b)(3). Because both Plaintiff and Defendant Bohn are residents of New Jersey, venue is proper in the U.S. District Court for the District of New Jersey. If that were not enough, the District of New Jersey is also the proper venue because a substantial part, if not all, of the alleged events or omissions and the property at issue are located there. Accordingly, the Court finds that venue is improper in the U.S. District Court for the District of Columbia.

4

In an exercise of its discretion, the Court also finds that it would not be in the interest of justice to transfer this case to the District of New Jersey. Defendant Bohn's motion suggests that Plaintiff is shopping for a forum amenable to claims similar to, and perhaps the same as, those that have been dismissed by courts in New Jersey. *See* Def.'s Mot. at 6-12, 17-18 (listing 11 of the prior cases in New Jersey federal and state courts, as well as Delaware federal court that transferred case filed there to New Jersey federal court). Plaintiff fails to rebut that inference.

A selection of those cases is sufficient to establish that Plaintiff has had his "day in court" against Defendant Bohn relating to the Sleepy Hollow development. Of the eleven litigations by Plaintiff that Defendant Bohn lists in his motion, in the seventh, a court in the District of New Jersey dismissed the action against Defendant Bohn and others, and further "enjoin[ed] Plaintiff Thomas Gage, when proceeding pro se, from filing a complaint against any of the defendants herein or any employee, agent, or attorney thereof, in the United States District Court, District of Jersey, relating to the Sleepy Hollow development, without prior leave of this Court." *Gage v. Kumpf*, Civil Action No. 12-2620, 2012 WL 5630568, at *5 (D.N.J. Nov. 15, 2012) (doing so "in the interest of promoting judicial efficiency and deterring further frivolous filings"). In the ninth case, a New Jersey Superior Court issued a still-broader injunction prohibiting Plaintiff "from filing or continuing any lawsuit against . . . Jay B. Bohn [and others] *in any court*, relating to the Sleepy Hollow development, without prior leave of this court." Order, *Gage v. Warren Twp. Planning Bd.*, Dkt No. SOM-L-1447-14 (N.J. Super. Ct. Law Div. Jan. 16, 2015) (emphasis added); Def.'s Mot. Ex. 3. This Court finds that the present case relates to the Sleepy Hollow development, and that Plaintiff is improperly suing Defendant Bohn again without any hint of obtaining approval from the New Jersey Superior Court that issued a broad injunction applicable to Plaintiff's litigation in *any* court.

5

As Defendant Bohn observes, Plaintiff most recently sued in the District of New Jersey substantially the same set of defendants for what appears to be the same Sleepy Hollow-related conduct as he presently pursues in this suit. The court found that it lacked subject-matter jurisdiction over his claims. *Gage v. Somerset Cnty.*, Civil Action No. 3:16-cv-3119-BRM-LHG, 2017 WL 436258 (D.N.J. Jan. 31, 2017).[4] Plaintiff chose to appeal to the U.S. Court of Appeals for the Third Circuit, rather than to take the opportunity, given to him by the district court, to amend his complaint within thirty days. Order, *Gage v. Somerset Cnty.*, Civil Action No. 3:16-cv-03119-BRM-LHG, at 1 (D.N.J. Dec. 19, 2017), ECF No. 52. Upon affirmance of the district court's decision, the district court found that Plaintiff no longer had the opportunity to amend his complaint, and accordingly, the court dismissed his case with prejudice. *Id.* at 2.

Plaintiff gives no colorable response to Defendant Bohn's recitation of the string of prior unsuccessful litigations, nor any valid reason to pursue litigation here. Rather, he asserts that he "has lost his confidence to find justice in the District of New Jersey." Pl.'s Opp'n at 4. Suspecting an entire district of the federal court system of being unable to dispense justice is an unsustainable basis for permitting Plaintiff to maintain his suit against Defendant Bohn in this Court. The Court finds that it is unnecessary to entertain the remainder of Plaintiff's arguments, none of which address the standard for laying venue in this Court. This is not a case where Plaintiff mistakenly suspected that venue was proper here, in which case justice could warrant transfer. *See Goldlawr, Inc.*, 369 U.S. at 467. Dismissal of this action against Defendant Bohn, rather than transfer to the proper venue, is appropriate where Plaintiff offers no valid grounds for pursuing his suit here in the first place. *See Stanifer v. Brannan*, 564 F.3d 455, 458 (6th Cir. 2009) (affirming dismissal,

---

[4] With respect to some of Plaintiff's claims, the court found not only that it lacked subject-matter jurisdiction but also that Plaintiff had failed to state a claim. *Gage v. Somerset Cnty.*, Civil Action No. 3:16-cv-3119-BRM-LHG, 2017 WL 436258, at *5.

rather than transfer, where plaintiff had "failed to offer even one reason, plausible or not, for filing in what was obviously the wrong venue—and no reason at all for failing to file in the proper district").

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Jay B. Bohn's [5] Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b) (2), (3) and (6), and, in an exercise of its discretion, shall **DISMISS** all claims against Defendant Bohn due to improper venue.

The Court has ruled on the venue issue only as to the sole movant, Defendant Bohn. As for the remaining Defendants, the Court shall provide Plaintiff with an opportunity to show cause as to whether and why venue is proper in the U.S. District Court for the District of Columbia.

A copy of this Memorandum Opinion shall be mailed to Plaintiff at his address of record.

An appropriate Order accompanies this Memorandum Opinion.

Dated: August 21, 2018

>  /s/
> COLLEEN KOLLAR-KOTELLY
> United States District Judge