**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THOMAS I. GAGE,<br>Plaintiff,<br>v.<br>SOMERSET COUNTY, *et al.*,<br>Defendants. | Civil Action No. 18-0272 (CKK) |

**MEMORANDUM OPINION**
(September 11, 2026)

This case is closed. In an [29] Order dated March 28, 2019, this Court vacated entries of default against certain Defendants and transferred the remaining claims in this case to the U.S. District Court for the District of New Jersey. More than four years after the entry of this final order, *pro se* Plaintiff Thomas I. Gage filed a [32] Motion to Vacate the Court's order, alleging that there had been a "fraud on the court" that warranted relief from judgment under Federal Rule of Civil Procedure 60(d)(3). By Minute Order dated July 20, 2023, this Court denied Mr. Gage's motion to vacate as untimely, citing the time limits imposed by Federal Rule of Civil Procedure 60(c)(1) on most motions for relief from judgment.

This court later granted Mr. Gage leave to file a "Notice of Opposition" to the Court's Minute Order dated July 20, 2023. Because Mr. Gage's submission was not styled as a motion, it was not entered as such on the docket of this case. However, construing Mr. Gage's *pro se* submission liberally, the Court construes it as a motion for reconsideration of the Court's prior Minute Order, and to complete the record, resolves it as such. Because Mr. Gage's motion to vacate and his request for reconsideration are without merit, his request for relief shall be denied, and this case shall not be reopened.

Mr. Gage correctly observes that the Court's prior Minute Order analyzed his motion to vacate under the standards applicable to motions for relief from a final judgment for ordinary "fraud," rather than the standards for motions based on "fraud on the court." *Compare* Fed. R. Civ. P. 60(b)(3), 60(c)(1) (providing that motions for relief from a final judgment or order based on fraud by an opposing party "must be made within a reasonable time" and "no more than a year after the entry of the judgment or order"), *with* Fed. R. Civ. P. 60(d)(3) (providing that motions to "set aside a judgment for fraud on the court" are not governed by the time limits applicable to other similar motions).

The Court correctly analyzed Mr. Gage's motion as a request for relief based on an allegation of ordinary fraud, not fraud on the court. "Fraud on the court" is a term of art that does not encompass "fraud between the parties" or even "fraudulent documents, false statements[,] or perjury." *Baltia Air Lines, Inc. v. Transaction Mgmt., Inc.*, 98 F.3d 640, 642 (D.C. Cir. 1996). Instead, it is "fraud which is directed to the judicial machinery itself," such as "the bribery of a judge or the knowing participation of an attorney in the presentation of perjured testimony." *Id.* The party alleging fraud on the court "must prove the fraud by clear and convincing evidence." *Shepherd v. Am. Broad. Companies, Inc.*, 62 F.3d 1469, 1477 (D.C. Cir. 1995).

Mr. Gage's allegations purporting to show "fraud on the court" fall well short of these standards. Mr. Gage alleges, without evidence, that *pro se* Defendant Jay B. Bohn committed fraud on the court either by forging the signature of Judge Yolanda Ciccone of the New Jersey Superior Court on a judicial opinion and order that was submitted as an exhibit in this case, or by filing that opinion and order while knowing that someone else had forged Judge Ciccone's signature. Pl.'s Mot., Dkt. No. 32 at 2. In response to Mr. Gage's allegation, Mr. Bohn, an attorney, filed an extensive memorandum and declaration setting out the history of this litigation

and several related cases that Mr. Gage has filed in other jurisdictions, including several rulings by other courts addressing and rejecting Mr. Gage's allegations regarding the purported forgery of Judge Ciccone's signature. *See* Def.'s Mem., Dkt. No. 34. Mr. Bohn explains, among other things, that the allegedly forged opinion and order is available on Lexis at 2015 N.J. Super. Unpub. LEXIS 2512 (Jan. 16, 2015), and that the Superior Court of New Jersey has produced court-certified copies of the opinion and order carrying the court's gold seal. *See* Dkt. No. 34-1 at 18.

On this record, there are no reasonable grounds for finding that Mr. Bohn or any other party has committed fraud on the court, and Mr. Gage is not entitled to reconsideration of the Court's prior order. Reconsideration "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," and none of those circumstances is present here. *See Ark Initiative v. Tidwell*, 749 F.3d 1071, 1075 (D.C. Cir. 2014) (quoting *Ciralsky v. C.I.A.*, 355 F.3d 661, 671 (D.C. Cir. 2004)). The Court correctly denied Mr. Gage's motion to vacate as untimely because he did not make the requisite showing of "fraud on the court" that would entitle a litigant to relief from judgment under Federal Rule of Civil Procedure 60(d)(3), and the time limit applicable to motions to vacate orders or judgment based on ordinary fraud expired well before Mr. Gage filed his motion. Fed. R. Civ. P. 60(b)(3), (c)(1).

To complete the record, an appropriate Order memorializing the denial of Mr. Gage's request for reconsideration accompanies this Memorandum Opinion.

**Dated:** September 11, 2026

Colleen Kollar-Kotelly
COLLEEN KOLLAR-KOTELLY
United States District Judge